UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD HACKER,

        Petitioner,

                                                  Case Number 06-12425-BC

v.                                             Honorable Thomas L. Ludington

FEDERAL BUREAU OF PRISONS,
Case Manager T.A. PEREZ, Counselor
BILLINGSLEY, Unit Manager R. ESQUIBEL,
Case Manager CHEATHAM, Warden
H.J. MARBERRY,

        Respondents.
_____ /

**ORDER DENYING PETITIONER'S MOTIONS
FOR A PRELIMINARY INJUNCTION, FOR SUMMARY JUDGMENT,
FOR THE U.S. MARSHAL TO BRING HIM TO ORAL ARGUMENT,
AND FOR ORAL ARGUMENT AND GRANTING RESPONDENT FEDERAL
BUREAU OF PRISONS' MOTION FOR AN EXTENSION OF TIME**

     Petitioner Ronald Hacker, an inmate currently confined at the Federal Correctional Facility in Milan, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In that petition, and later in a motion for a preliminary injunction, he challenged the application of regulations that govern placement within Bureau of Prisons (BOP) facilities, which he alleges has prevented his timely placement in a Community Corrections Center (CCC).

     This Court has previously stated in an opinion and order of September 1, 2006, that Petitioner was not entitled to a preliminary injunction, despite the Court's conclusion that Petitioner brought a credible challenge to the validity and implementation of 28 C.F.R. §§ 570.20 & 570.21. The Court there ruled that Petitioner faced no irreparable harm sufficient to issue a preliminary injunction because he had not challenged the other grounds on which the BOP denied his placement.

Petitioner has now challenged those two additional grounds for the BOPs' refusal to transfer him to a CCC: (1) the halfway house was full until February 2007; and (2) a purported requirement to have hospitalization insurance to receive placement in a CCC. In response, the BOP states that the barrier to transferring Petitioner to a CCC before February 2, 2007 derives from his inability or refusal to demonstrate his ability to pay for his healthcare needs. According to the BOP, Petitioner has not provided any verification, beyond his own statement, of his financial self-sufficiency, so the manager at the CCC could only approve him for thirty days placement.

Based on the Court's review of the filings and supporting documentation from the parties, the Court is persuaded that Petitioner has a means to remedy the BOP's refusal to transfer him to a CCC. Thus, Petitioner has failed to demonstrate an irreparable harm sufficient to justify a preliminary injunction. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citations omitted); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.") (citation omitted).

In addition to Petitioner's second motion for a preliminary injunction, he also filed a motion for summary judgment on October 26, 2006 [dkt #23], a motion for the U.S. Marshal to bring him to oral argument on October 27, 2006 [dkt #25], and a motion for oral argument October 27, 2006 [dkt #27]. Based on the foregoing, oral argument on these issues is not required, and Petitioner's motion for summary judgment, which he limited to these same issues, does not require further discussion.

Accordingly, it is **ORDERED** that Petitioner's second motion for a preliminary injunction [dkt #22] is **DENIED**.

It is further **ORDERED** that Petitioner's motions for summary judgment [dkt #23], for the U.S. Marshal to bring him to oral argument [dkt #25], and for oral argument [dkt #27] are **DENIED** as moot.

It is further **ORDERED** the BOP's motion for an extension of one day to file its response [dkt #30] is **GRANTED**.

Dated: December 6, 2006    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 6, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---